IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

VS.                                      4:07-CR-00244-01-BRW

ALBERT SNOW                                                                              DEFENDANT

## ORDER

Pending is Defendant's Petition for Writ of Mandamus (Doc. No. 67).

Writs of Mandamus are authorized by the All Writs Act found in Title 28 U.S.C. § 1651. According to the Supreme Court, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."[1]

Here, Defendant's "Petition for Writ of Mandamus" requests that he be released from custody and his conviction set aside.[2] In sum, Defendant states that his conviction violates the Due Process and Equal Protection Clauses of the United States Constitution. It is well settled, however, that a defendant in federal custody seeking to attack the constitutionality of his sentence and have it vacated, set aside, or corrected must do so by petition under 28 U.S.C. § 2255.[3] Thus, although Defendant titled his motion as a "Petition for Writ of Mandamus," in substance it is a § 2255 Petition and will be reclassified as such.[4]

---

[1] *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).

[2] Doc. No. 67.

[3] *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000).

[4] See *Noske*, 235 F.3d at 406; *United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (listing numerous cases).

Prior to filing the petition at hand, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence under § 2255, which I denied.[5] The Eighth Circuit Court of Appeals has made it clear that before a defendant can file a second or successive § 2255 Petition he must obtain a Certificate of Appealability.[6] Defendant, however, has failed to do so.

Accordingly, Defendant's Petition for Writ of Mandamus (Doc. No. 67) is DENIED.

IT IS SO ORDERED this 9th day of November, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5] Doc. Nos. 51, 52.

[6] *Boyd v. United States,* 304 F.3d 813, 814 (8th Cir.2002); *United States v. Lambros,* 404 F.3d 1034, 1036 (8th Cir.2005) (it is well established that inmates may not bypass the authorization requirement for filing a second or successive section 2255 petition by purporting to invoke some other procedure).